UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH

| In re:<br><br>Italo Pineda, and<br>Carmela E. Pineda,<br><br>Debtor(s). | Case No. 11-27812<br>Chapter 13<br><br>Trustee: Anderson |
|---|---|

AMENDMENT DECLARATION

Please circle or underling amended material when appropriate.
1.     PETITION:_____REOPENING: Yes____No____ CONVERSION (13 TO 7): Yes____No____
    When changing debtor's address, please file separate change of address form.
    When amending, please submit the changes/additions **only!**
2.     SCHEDULES: A____B____C____D____E____F____G____H____I____J____
    Are you changing the address, amounts, etc., or adding a creditor"
        Changing ____ Adding ____ ($26 amendment fee required for D, E, & F; OR ____ IFP Waiver)
3.     AMENDED AMOUNTS/TOTALS OF SCHEDULES: _____
4.     STATEMENT OF AFFAIRS: _____
5.     AMENDED CHAPTER 13 PLAN: __X__

> If you have amended schedules D, E, F by adding a creditor, you owe $26.00 amendment fee. Fee attached_____
>
> If schedules D, E, F were amended but no creditors added or adding a listed creditor's attorney, no fee necessary. No fee attached_____
> **Reason no fee is attached**_____

**It is the debtor's responsibility to notify additional creditors by sending a 341 notice and/or Discharge Order to the creditors added to the schedules/matrix.**
A certificate of mailing to creditors should be filed with the Clerk's office (see below).

> I declare under penalty of perjury that the information provided in this attached amendment is true and correct.
>
> _____     _____
> Debtor         Date         Debtor         Date

U.S. Trustee's Office and Trustee in the case supplied copies of amendment(s)? Yes__X__ No____
/s/ Justin Myers
_____
ATTORNEY FOR DEBTOR(S)

---

**CERTIFICATE OF MAILING**
I hereby certify that a true and correct copy of the foregoing was mailed, postage prepaid, to creditors of this estate as follows (please mark the appropriate line(s)):
    ___ 341 Notice to creditors added be this amendment.
    ___ Discharge Notice to creditors added by this amendment.
    _X_ Amended Chapter 13 Plan to all creditors.

August 25, 2011                                        /s/ Justin Myers
_____                                    _____
DATED                                              ATTORNEY FOR DEBTOR(S)

CHAPTER 13 MODEL PLAN

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF UTAH

In re   **Italo Pineda**                                           CASE NO. 11-27812
        **Carmela E. Pineda**                                                          CHAPTER 13
SSN:    xxx-xx-5270
        xxx-xx-1914

# CHAPTER 13 PLAN
## MOTION TO VALUE COLLATERAL AND TO AVOID LIENS UNDER 11 U.S.C. § 506
## MOTION TO AVOID LIENS UNDER 11 U.S.C. §522(F)

☐ Original Plan     ☒ Amended Plan         Dated: **August 25, 2011**

**CREDITORS, YOUR RIGHTS WILL BE AFFECTED.** You should read this Plan and any motion herein and discuss it with your attorney. If you disagree with the terms herein, you must file with the bankruptcy court a written objection before the deadline stated in the *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines.* In the absence of a timely written objection, the court may grant the requested relief and confirm the plan without further notice or hearing.

1. **PLAN PAYMENTS.**

   (a) <u>Monthly Payments</u>: Debtors shall pay two payments of $970.00 and then payments of $ **725.00** per month to the Chapter 13 Trustee for **36** months until completion of the Plan. Such payments are due on the 25th day of each month.

   (b) <u>Contribution of Tax Refunds</u>: for the next three tax years of **2011, 2012, and 2013**, the Debtors shall pay into the Plan yearly state and federal tax refunds that, when combined, exceed $1,000 (see paragraph 10).

2. **PLAN LENGTH.** Under Part II of Form 22C, the applicable commitment period for this case is ☒ 3 years or ☐ 5 years. Plan payments shall be made for the following period:

   ☒ Not less than 36 months but extended as necessary for no more than 60 months to complete the required Trustee distributions under the plan.

3. **RETURN TO ALLOWED NONPRIORITY UNSECURED CLAIMS.**

   <u>Pot Plan</u>:   Not less than $ **1,000.00** to be distributed pro rata among allowed nonpriority unsecured claims.

4. **TRUSTEE'S PERCENTAGE FEE.** The trustee shall collect the statutory fee of 28 U.S.C. § 586(e) for any disbursements actually or constructively made by the Trustee under the Plan or pursuant to the Bankruptcy Code, the Local Rules, or a court order.

5. **ATTORNEY FEES.** Counsel for Debtors requests an award of attorney fees and costs in the amount of $ **3,250.00**, of which $ **2,750.00** remains unpaid. Counsel may request additional fees by complying with the notice and hearing requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. The unpaid balance of attorney's fees shall be paid as follows:

   ☐ Class 1: fixed monthly payments of $_____, commencing with the first payment under the Plan until paid in full (see paragraph 9(b)).

   ☒ Class 2: monthly pro rata distributions from available plan payments until paid in full (see paragraph 9(b)).

6. **TREATMENT OF SECURED CLAIMS.**

(a) <u>Motion To Value Collateral And to Void Liens Under 11 U.S.C. § 506</u>: The Debtors move the court to value the collateral at the amount stated in the Debtors' proffered value below. Unless a timely objection is filed to this motion to value, the court will fix the value of the collateral consistent with the Debtors' proffer without further notice or hearing, and the lien of the creditor will be voided to the extent it is unsecured under 11 U.S.C. § 506(d). The filing of a proof of claim asserting a value different than the Debtors' proffered value does not constitute an objection. The allowed secured claim of such creditor shall be paid *the lesser of* (1) the value as fixed by the court, (2) the value asserted in the proof of claim, or (3) the secured amount asserted in the proof of claim. The portion of any such allowed claim that exceeds the amount of the allowed secured claim shall be treated as a nonpriority unsecured claim pursuant to paragraph 3.

| Creditor | Description of Collateral | Debt Amount Listed on Schedule D | Debtors' Proffer of Collateral Value | Interest Rate | Interest Accrual Date *(see ¶6(h)(3))* | Adequate Protection Payment | No. of Monthly Adequate Protection Payments | Equal Monthly Payment thereafter |
|---|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | | |

(b) <u>Secured Claims Not Subject To 11 U.S.C. § 506</u>: Pursuant to § 1325(a)(9), the following claims are not subject to "cramdown" under § 506. The allowed secured claim of such creditor shall be the secured amount listed in the allowed proof of claim, unless modified by an amended claim or court order.

| Creditor | Description of Collateral | Estimated Secured Claim *(proof of claim controls)* | Interest Rate | Interest Accrual Date *(see ¶6(h)(3))* | Adequate Protection Payment | No. of Monthly Adequate Protection Payments | Equal Monthly Payment thereafter |
|---|---|---|---|---|---|---|---|
| Jordan Credit Union | 2009 Toyota Tacoma | $26,600.17 | 6.55 | P | $266.00 | 7 | $570.00 |
| | | | | | | | |

(c) <u>Secured Tax Claims</u>: The following secured claims of governmental entities will be paid at the interest rate stated in the proof of claim, or, if no interest rate is stated in the proof of claim, at the estimated statutory rate set forth below. The allowed secured claim of such governmental entities shall be the secured amount listed in the allowed proof of claim, unless modified by an amended claim or court order.

| Governmental Unit | Estimated Secured Claim *(proof of claim controls)* | Estimated Statutory Interest Rate | Interest Accrual Date *(see ¶6(h)(3))* | Adequate Protection Payment | No. of Adequate Protection Payments | Equal Monthly Payment thereafter |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

(d) <u>Curing Defaults And Postpetition Payments</u>: The Trustee shall disburse on allowed arrearage claims, and the Debtors shall make regular postpetition payments directly to these creditors pursuant to the terms of the original contract beginning with the next payment due after the petition date. Postpetition payments made directly by the Debtors to such creditors may change due to an adjustable rate note, escrow requirements, etc., and notices of such payment changes shall be provided to the Debtors. The arrearage claim will be in the amount in the allowed proof of claim, unless modified by an amended claim or court order.

| Creditor | Description of Collateral | Estimated Arrearage *(proof of claim controls)* | Interest Rate *(enter "0%" if no interest is to be paid)* | Equal Monthly Payment *(if no equal monthly payment, leave blank)* | Equal Monthly Payment Start Date |
|---|---|---|---|---|---|
| Bank of America | 14333 Murdoch Peak Drive Herriman, UT 84096 Single Family Residence | $3,767.08 | 0.0% | | |

(e) <u>Surrender of Collateral</u>: The Debtors surrender the following collateral to the secured creditor. Upon entry of the confirmation order, the automatic stay of § 362 and the co-debtor stay of § 1301 are terminated as to such collateral, and the Debtors will immediately make the collateral available for repossession by the creditor. If the surrender is in full satisfaction of the claim, no unsecured deficiency claim will be allowed, and the Trustee shall not disburse on such claim. If the surrender is in partial satisfaction, the creditor will have 180 days from the confirmation hearing date to file an amended claim for an unsecured deficiency or such creditor's claim will be deemed paid in full. If neither full nor partial satisfaction is designated, surrender is deemed in partial satisfaction of the claim.

| Creditor | Collateral to be Surrendered [*Indicate if § 506 does not apply to this claim pursuant to § 1325(a)(9)*] | Effect of Surrender [*Designate "Full Satisfaction" or "Partial Satisfaction"*] |
|---|---|---|
| Toyota Motor Credit | 2011 Toyota 4Runner | Partial |
| Sterling Inc., dba Kay Jewelers | Jewelry | Partial |

(f) <u>Secured Claims & Leases Paid Directly By Debtors</u>: The Debtors will directly make payments to the creditors listed below pursuant to the following conditions: (1) the Debtors will pay the claim without any modifications to the terms of the contract; (2) the Debtors stipulate to the immediate termination of the automatic stay of § 362 and the co-debtor stay of § 1301 as to the collateral or leased property; (3) the claim will not be discharged; and (4) neither the court nor the Trustee will monitor the Debtors' performance on direct payments to such creditor.

| Creditor | Collateral |
|---|---|
|  |  |

(g) **Motion To Void Liens Under § 522(f)**: **The Debtors move to avoid the following liens because they impair the Debtors' exemption asserted on Schedule C in that there is no non-exempt equity to which any part of the lien may attach. Unless a timely objection is filed as to this motion, such liens shall be avoided upon entry of the confirmation order. The filing of a proof of claim asserting a secured claim with respect to such lien does not constitute an objection.**

| Creditor | Identification of Collateral | Estimated Claim Amount |
|---|---|---|
|  |  |  |

(h) <u>Administrative Provisions Regarding Trustee Disbursements on Secured Claims</u>:

(1) <u>Disbursements On Secured Claims</u>. The Trustee shall disburse on secured claims only if <u>all</u> of the following conditions are met: (a) the Plan specifically provides that the Trustee shall disburse on the secured claim; (b) the secured claim is allowed under 11 U.S.C. §§ 502(a) and 506(a), meaning a secured proof of claim has been timely filed, or the claim has been allowed by court order; and (c) there is no pending objection or motion with respect to such proof of claim under Bankruptcy Rules 3007 (objection to claim) or 3012 (motion to value collateral). All disbursements are subject to the Trustee having received payments under the Plan.

(2) <u>Adequate Protection Payments</u>. The Adequate Protection columns in paragraphs 6(a), 6(b) and 6(c) fix the amount of monthly adequate protection and such payments shall accrue commencing with the first scheduled meeting of creditors under § 341 and continuing on the first day of each month thereafter for the number of months specified in such column. After this time, secured creditors will receive the Equal Monthly Payments set forth in such paragraphs. Pursuant to LBR 2083-1(c), the Trustee may make preconfirmation disbursements of Adequate Protection payments; however, such payments will only be made if a secured proof of claim is filed in compliance with the applicable provisions of Bankruptcy Rules 3001, 3002 and 3004 before the <u>earlier of</u> the entry of an order dismissing or converting the case or the applicable claims bar date. Adequate Protection payments made during the period before interest begins to accrue on such claims shall be applied to reduce the principal balance of such claim, and adequate protection payments made or attributable to the period after interest begins to accrue shall be applied to unpaid principal and interest.

(3) <u>Interest Accrual Date</u>. In the Interest Accrual Date Column above, the designation "C" or "Conf." shall mean interest shall accrue and be paid from the effective date of the confirmation order and the designation "P" or "Pet." shall mean interest shall accrue and be paid from the petition date. If the Interest Accrual Date Column is left blank, interest shall accrue from the effective date of the confirmation order.

(4) <u>Default Interest Rate</u>. If the interest rate column is left blank in paragraphs 6(a), 6(b) or 6(c), interest shall accrue and be paid at the rate set forth in the proof of claim. If the proof of claim does not specify an interest rate, then interest shall accrue and be paid at 8% per annum. If the interest rate column is left blank in paragraph 6(d), no interest shall be paid on the arrearage claim.

7. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** All executory contracts and unexpired leases are rejected unless specifically listed below as assumed, in which case such claims shall be directly paid by the Debtors pursuant to section 6(f) above.

| Creditor | Description of Contract or Leased Property |
|---|---|
|  |  |

8. **PRIORITY CLAIMS.** Claims entitled to priority under 11 U.S.C. § 507(a), including domestic support obligations and unsecured taxes, will be paid in full. The allowed amount of any priority claim will be the amount in the proof of claim, unless modified by an amended claim or court order. If the Plan provides for interest on nonpriority unsecured claims, such interest shall also be paid on priority claims. The Debtors shall remain current on all postpetition domestic support obligations during the Plan term.

9. **PLAN DISTRIBUTIONS.**

(a) <u>Allowance Of Claims</u>. Except as otherwise specified in paragraph 6(a) of the Plan, the amount of all allowed claims to be paid through the Plan shall be determined using the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules. A proof of claim must be timely filed or specifically allowed by an order of the court to receive any disbursements from the Trustee under the Plan.

(b) <u>Order Of Distribution</u>. The Trustee shall collect the percentage fee under paragraph 4 and then pay allowed claims in the following order:

> Class 1: Monthly attorney fee payments provided under paragraph 5, if any, and Adequate Protection Payments and Equal Monthly Payments under paragraph 6 pursuant to the amounts and timing provided in such paragraphs until paid in full;
>
> Class 2: Pro rata attorney's fees provided under paragraph 5, if any, until paid in full;
>
> Class 3: Priority Domestic Support Obligations under § 507(a)(1) until paid in full;
>
> Class 4: Secured Claims paid by the Trustee that are not entitled to Adequate Protection Payments or Equal Monthly Payments;
>
> Class 5: Other priority claims until paid in full; then
>
> Class 6: Nonpriority unsecured claims until paid the return provided in the Plan.

(c) <u>Administrative Provisions Regarding Adequate Protection And Equal Monthly Payments</u>

(i) If monthly Adequate Protection Payments or Equal Monthly Payments are specified on a claim, such monthly payments must be current in that all monthly payments due through the date of distribution shall be paid, but such claim need not be paid in full before distributions can be made to lower-level Classes. After the full payment of allowed attorney's fees, the Trustee may, but is not required to, disburse to creditors with designated Adequate Protection or Equal Monthly Payments amounts greater than such designated payments to facilitate the prompt administration of the case. To the extent there are insufficient funds to make the required Adequate Protection or Equal Monthly Payments to all creditors in a particular class, the Trustee shall make a pro-rata distribution to such class. Unpaid portions of Adequate Protection or Equal Monthly Payments from a prior month will first be brought current before disbursements are made to lower classes, and Adequate Protection Payments will be brought current before disbursements are made on Equal Monthly Payments.

(ii) If no monthly payments are specified on a claim, payments will be paid pro rata within the designated class, and a higher-level Class will be paid in full pursuant to the Plan before distributions will be made to a lower-level Class.

10. **CONTRIBUTION OF TAX REFUNDS.** If paragraph 1 of the Plan so requires, the Debtors shall pay into the Plan the net total amount of yearly state and federal tax refunds that exceed $1,000 for each of the tax years identified in paragraph 1 of the Plan. On or before April 30 of each applicable tax year, the Debtors shall provide the Trustee with a copy of the first two pages of filed state and federal tax returns. The Debtors shall pay required tax refunds to the Trustee no later than June 30 of each such year. However, the Debtors are not obligated to pay tax overpayments that have been properly offset by a taxing authority. Tax refunds paid into the Plan may reduce the overall Plan term if it is greater than thirty-six months, but in no event shall the amount paid into the Plan be less than thirty-six Plan payments plus all annual tax refunds in excess of $1,000.

11. **PLAN MODIFICATION.** With the affirmative consent of the Trustee, and unless a party-in interest-objects, the Debtors may modify the Plan under § 1329 without further notice to creditors to conform the Plan to the class, status, amount, value or interest rate set forth in a proof of claim (or otherwise asserted by a creditor) so long as such modification does not have a negative impact on any creditor not receiving notice, other than the delay in receiving the first distribution.

12. **OTHER PLAN PROVISIONS:**

   (a) Any order confirming this Plan shall constitute a binding determination that the Debtors have timely filed all of the information required by 11 U.S.C. § 521(a)(1).

   (b) **Debtors receiving the Earned Income Credit (EIC) and /or the Additional Tax Credit (ACTC) on their federal tax returns may retain up to a maximum of $2,000 of their tax refunds based on the following formula: $1,000 plus the combined amount of the EIC and ACTC up to an additional $1,000 (total retained tax refunds cannot exceed $2,000).**

   (c) **CitiFinancial (2nd Mortgage):** Before the confirmation hearing, the Debtor will file a motion under Bankruptcy Rule 7001 to remove the wholly unsecured lien of this creditor. If the Debtor prevails on the motion, such creditor's claim will be categorized as nonpriority unsecured, but the creditor will still retain its lien until the entry of the discharge in this case under 11 U.S.C. § 1328, at which time the lien will be avoided (see 11 U.S.C. § 1325(a)(5)(B)(i)(I)).

13. **CERTIFICATION.** By signing this plan, the debtor and counsel representing the debtor certify that this plan does not alter the provisions of the Model Plan Form set forth as Appendix G referenced in Local Bankruptcy Rule 2083-1(a), except as set forth in paragraph 12 above. Any revisions to the Model Plan Form not set forth in paragraph 12 shall not be effective.

END OF PLAN

Signed: /s/ Italo Pineda                           Dated: August 25, 2011
        Italo Pineda

Signed: /s/ Carmela E. Pineda                      Dated: August 25, 2011
        Carmela E. Pineda

Attorney: /s/ Justin Myers                         Dated: August 25, 2011
          Justin Myers